**Valbone SIMONI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6069–AG.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1. Pursuant to Federal Rule of Appellate Procedure 42(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

**68**

Kai W. De Graaf, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Lorna N. Graham, Assistant United States Attorney, Scranton, Pennsylvania, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Valbone Simone petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA issues a so-called "affirmance without opinion," this Court reviews only the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

The IJ's ultimate conclusion that Simoni did not prove that the harm inflicted upon her on account of her political opinion due to (1) inconsistencies between Simoni's hearing testimony and her written asylum application; (2) inconsistencies between Simoni's hearing testimony and submitted documentary evidence; and (3) evidence of changed country conditions is substantially supported by the record as a whole. Simoni's testimony regarding who saved her from the alleged kidnappers and the timing of events during the incident differs between her application and her testimony. While she claimed that the kidnapping was politically motivated, the affidavits from her parents and cousin make no mention of Socialist involvement in or motivation for the crime. Additionally, although Simoni claimed that she was an "important activist" in the Democratic Party, she answered incorrectly—by a wide margin—when asked how many members are in the Albanian Parliament. Nor could she accurately answer how many of those members belong to the Democratic Party. Finally, the State Department country report for Albania indicated improved conditions since the fall of the Communist regime.

Because the IJ properly determined that Simoni was not credible and therefore did not meet her burden for asylum, it necessarily follows that denial of withholding of removal based on inability to meet the higher burden was correct. Additionally, because the IJ correctly concluded that Simoni did not show any evidence that she would be persecuted upon return to Albania, the determination that Simoni did

not show that she would likely be tortured upon return to Albania was substantially supported by the record, and denial of CAT relief was proper.